Jairo Armando ALBA–GOMEZ; Gilma Patricia Alba–Rodriguez; John Alejandro Alba–Rodriguez; Gilma Rodriquez–Prieto, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

Nos. 03–74770, A79–525–644, A78–112–437, A79–525–650, A78–112–438.
Agency Nos. A79–525–644, A78–112–437, A79–525–650, A78–112–438.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

Jairo Armando Alba-Gomez, Los Angeles, CA, pro se.

Gilma Patricia Alba–Rodriguez, Los Angeles, CA, pro se.

John Alejandro Alba–Rodriguez, Los Angeles, CA, pro se.

Gilma Rodriguez–Prieto, Los Angeles, CA, pro se.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, David Dauenheimer, Jeffry A. Bernstein, Washington, DC, for Respondent.

1.  Upon remand, the INS should also consider Abahamyan's application for withholding of deportation.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

## MEMORANDUM\*\*

■ Jairo Armando Alba–Gomez, his wife, Gilma Rodriquez–Prieto, and their children, Gilma Patricia Alba–Rodriguez and John Alejandro Alba–Rodriguez, natives and citizens of Colombia, petition for review of the Board of Immigration Appeals' (BIA) denial of their application for asylum and withholding of removal.[1] We deny their petitions.[2]

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995). Where an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS*, 79 F.3d 955, 960 (9th Cir.1996) (en banc). And either must be on account of a protected ground. *Id.* The withholding standard is more stringent. *See Ghaly*, 58 F.3d at 1428–29.

■ Here, the petitioners' claims to asylum fail. The Immigration Judge's (IJ) determination that the petitioners were not persecuted on account of an actual or imputed political opinion was supported by substantial evidence.[3] The attempted kidnapping of Alba–Gomez's son in October 1999 and the two subsequent threatening phone calls were pure economic extortion. Persecution based upon economic extortion may qualify as political persecution if "the applicant [can] produce evidence from which it is reasonable to believe that the harm was motivated, at least in part, by an actual or implied protected ground." *Borja v. INS*, 175 F.3d 732, 736 (9th Cir.1999) (en banc). The petitioners presented evidence of economic extortion only. No evidence was presented to compel a finding that the persecution was motivated in part by an actual or imputed political opinion. *Agbuya v. INS*, 241 F.3d 1224, 1229–30 (9th Cir.2001); *Borja*, 175 F.3d at 736–37; *Gonzales–Neyra v. INS*, 122 F.3d 1293, 1296 (9th Cir.1997), *amended by* 133 F.3d 726.

Because the petitioners did not meet the eligibility requirements for asylum, they were not entitled to withholding of removal

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The applications of Gilma Rodriquez–Prieto and the children are, essentially, derivative of Jairo Armando Alba–Gomez's application. Because he is the lead petitioner, all references to Alba–Gomez are to him. Moreover, what we hold as to him applies to them as well.

2. The petitioners did not present their claim under the Convention Against Torture to the BIA. Since they did not exhaust their administrative remedies, we cannot address whether they might qualify. *Guo v. Ashcroft*, 361 F.3d 1194, 1199 n. 1 (9th Cir.2004).

3. Since the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final adjudication on the merits. *See Ding v. Ashcroft*, 387 F.3d 1131, 1136 (9th Cir.2004).

under 8 U.S.C. § 1231(b)(3) either.[4]  *See Ghaly,* 58 F.3d at 1429.

PETITION DENIED.

---

4. The petitioners also raise a due process challenge to the BIA's use of streamlining procedures. However, this argument has been foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848 (9th Cir.2003).

